IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DENISE A. ROSALES,<br><br>    *Plaintiff,*<br><br>v.<br><br>CHRISTINE WORMUTH, Acting Secretary of the Army, in her official capacity; DEPARTMENT OF THE ARMY; GREGORY D. FORD, Acting Director of the Department of the Army Criminal Investigation Division, in his official capacity; DEPARTMENT OF THE ARMY CRIMINAL INVESTIGATION DIVISION; CHRISTOPHER WRAY, Acting Director of the Federal Bureau of Investigation, in his official capacity; and FEDERAL BUREAU OF INVESTIGAITON,<br><br>    *Defendants.* | Civ. Action No. 1:23-cv-00440<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF** |

## I. NATURE OF THE CASE

1. This is an action for declaratory and injunctive relief brought under the Privacy Act, 5 U.S.C. § 552a. Plaintiff seeks to amend a false entry in the Federal Bureau of Investigation's Interstate Identification Index (hereinafter, National Crime Information Center or "NCIC" Record) stating that she was "arrested or received" into custody. Rosales, a non-commissioned officer in the Texas Army National Guard, was never arrested or received into custody in relation to an investigation of an alleged incident that occurred overseas on active duty. Yet, the Department of the Army Criminal Investigation Division submitted a false record to the Federal Bureau of Investigation stating Rosales was "arrested or received" into custody despite an admission by an
**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**
*DENISE A. ROSALES V. DEP'T. OF THE ARMY, ET AL.*
PAGE 1 OF 5

Army Judge Advocate General ("JAG") officer that Rosales was never arrested. The Army's bureaucratic system renders it incapable of resolving this matter. Rosales has spent the better part of two years jumping through administrative hoops trying to get this false and illegal record corrected. This false record must be expunged.

## II. JURISDICTION

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552a(g)(1)(A) and 28 U.S.C. § 1331.

## III. PARTIES

3. Plaintiff Denise A. Rosales is a resident of Bexar County, Texas.

4. Defendant Christine Wormuth is the Acting Secretary of the Army. She is sued in her official capacity.

5. Defendant Department of the Army (hereinafter, "DoA") is an agency of the United States and is subject to the Privacy Act by the terms of 5 U.S.C. § 552a(a)(1).

6. Gregory D. Ford is the Acting Director of the Department of the Army Criminal Investigation Division. He is sued in his official capacity.

7. Defendant Department of the Army Criminal Investigation Division (hereinafter, "USACID") is an agency of the United States and is subject to the Privacy Act by the terms of 5 U.S.C. § 552a(a)(1).

8. Defendant Christopher Wray is the Acting Director of the Federal Bureau of Investigation. He is sued in his official capacity.

9. Defendant Federal Bureau of Investigation (hereinafter, "FBI") is an agency of the United States and is subject to the Privacy Act by the terms of 5 U.S.C. § 552a(a)(1).

## IV. FACTUAL BACKGROUND

10. In or around May 2021, Plaintiff requested a copy of prior arrest data about herself from the FBI.

11. By a letter dated May 3, 2021 (hereinafter, "FBI Record"), the FBI's Criminal Justice Information Services Division responded to Plaintiff with a list of Plaintiff's prior arrest data at the FBI. A copy of this FBI Record is attached hereto as *Exhibit A*.

12. Plaintiff's FBI Record is a record pursuant to 5 U.S.C. § 552a(a)(4).

13. Plaintiff's FBI Record states that Plaintiff was "ARRESTED OR RECEIVED" on "2021/01/05" related to "AGENCY CASE-132-2020-MPI709" and a charge of "FALSE OFFICIAL STATEMENTS," even though Plaintiff was never arrested or received in relation to this case. Ex. A at 4–5.

14. Although the FBI maintains Plaintiff's FBI Record, DoA retains the sole authority to amend Plaintiff's FBI Record.

15. By an email dated 4 May 2021, Lieutenant Colonel Dale C. McFeatters, a U.S. Army JAG Officer, admitted that Rosales "was not placed under arrest." Ex. B at 12.

16. By a letter dated November 1, 2021, Plaintiff, through counsel, wrote to the United States Army Criminal Investigation Division (USACID) seeking amendment of the FBI Record on the grounds that it was not accurate. A copy of this request is attached hereto as *Exhibit B*.

17. By a letter dated November 16, 2021, USACID issued a denial of Plaintiff's request for amendment. The denial letter did not respond to Plaintiff's grounds for amendment. A copy of this initial denial letter is attached hereto as *Exhibit C*.

18. By a letter dated November 22, 2021, Plaintiff, through counsel, appealed from this denial of amendment. A copy of this appeal is attached hereto as *Exhibit D*.

19. On or about December 21, 2022, over a year after submitting the appeal, Plaintiff received a letter from the Office of the General Counsel of the DoA denying Plaintiff's appeal. The denial letter did not respond to Plaintiff's grounds for amendment. A copy of this final denial is attached hereto as *Exhibit E*.

20. Further, on a conference call on January 19, 2023, and in an email dated January 20, 2023, Counsel for Rosales brought her false and illegal NCIC Record to the attention of Colonel Lance B. Turlington—Command Judge Advocate of U.S. Army Human Resources Command—and Colonel Robert G. Levy, Jr.—Chief Counsel of USACID. *See* Ex. F at 1–3, 5.

21. However, in an email dated February 2, 2023, Colonel Turlington merely pointed Counsel for Rosales to the same appeals process through CID that Rosales previously exhausted. A copy of email communication between Counsel for Rosales and Colonels Turlington and Levy is attached hereto as *Exhibit F*.[1]

22. COL Turlington's email referenced in the preceding paragraph explains the simple solution to correcting this false and illegal NCIC Record. USACID can pull back the fingerprint card creating the entry in the FBI database. *See* Ex. F at 4. However, USACID has refused to implement this solution.

23. Rosales has fully exhausted her administrative remedies.

24. The record that Rosales seeks to amend is not accurate.

25. Rosales has a statutory right to the amendment she seeks, and Defendants have acted unlawfully in failing to make such amendment.

WHEREFORE, for the foregoing reasons, Plaintiff respectfully prays this Court:

(a) Declare that Defendants' refusal to amend Plaintiff's FBI Record is unlawful;

---

[1] The information redacted in Exhibit F pertains to matters outside the scope of this complaint.

(b) Order Defendants to amend Plaintiff's NCIC Record by expunging the offending record;

(c) Enjoin Defendants from further maintenance of the offending record;

(d) Award Plaintiff her costs and reasonable attorney fees pursuant to 5 U.S.C. § 552a(g)(2)(B); and

(e) Order such further relief as this Court deems just and proper.

Dated: April 18, 2023

Respectfully,

*/s/ Douglas K. O'Connell*
Douglas K. O'Connell
Texas State Bar No. 00792028
    Of
O'CONNELL WEST, PLLC
505 West 12th Street, Suite 200
Austin, TX 78701
Telephone: (512) 547-7265
doug@oconnellwest.com