# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | | |
|---|---|---|
| DENISE A. ROSALES, individually and on behalf of herself and all others similarly situated, | § § § § | |
| Plaintiff, | § § | Case No. 1:23-cv-00440-DAE |
| v. | § § | |
| CHRISTINE WORMUTH, Secretary of the Army, in her official capacity; et al., | § § § | |
| Defendants. | § § | |

### Defendants' Motion to Stay Discovery Pending Ruling on Motion to Dismiss

Defendants United States Army, Secretary of the Army Christine Wormuth (in her official capacity), Acting Director of the Department of the Army Criminal Investigation Division Gregory D. Ford (in his official capacity), Department of the Army Criminal Investigation Division, Federal Bureau of Investigation Director Christopher Wray (in his official capacity), Federal Bureau of Investigation, Department of Defense, and Secretary of Defense Lloyd Austin (in his official capacity) (collectively, "Defendants"), move to stay this case pending resolution of their respective Motions to Dismiss Plaintiff's Third Amended Complaint (ECF Nos. 46, 47, and 65) under Federal Rule of Civil Procedures 12(b)(1) and 12(b)(6). Plaintiff opposes the stay request.

"A trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). "A district court properly exercises this discretion to stay discovery upon a showing of good cause." *Bickford v. Boerne Indep. Sch. Dist.*, No. 5:15-CV-1146-DAE, 2016 WL

1430063, at *1 (W.D. Tex. Apr. 8, 2016) (citing Fed. R. Civ. P. 26(c)). "To determine whether a stay is appropriate a district court must balance the harm produced by the delay in discovery against the possibility that the motion will be granted and entirely eliminate the need for such discovery." *Bickford*, 2016 WL 1430063, at *1 (internal quotation marks omitted). "In the context of a motion to dismiss, a district court has discretion to stay discovery if the disposition of the motion might preclude the need for discovery altogether." *Primesource Bldg. Prod., Inc. v. Lee Grp. Int'l, Inc.*, No. 3:19-CV-02878-X, 2020 WL 6140462, at *1 (N.D. Tex. Aug. 12, 2020).

Here, Plaintiff has raised Privacy Act claims against the Army and Administrative Procedure Act and Constitutional claims against the Army, Department of Defense, and FBI. Defendants have separately moved to dismiss all of these claims, including on the basis of the Court's lack of jurisdiction. Defendants' Motions to Dismiss may therefore dispose of all Plaintiff's claims against each party. Even if all of the claims are not dismissed, a ruling on the Motions to Dismiss will still narrow or eliminate the need for discovery; particularly since discovery is not warranted in APA litigation. *See Camp v. Pitts*, 411 U.S. 138, 143 (1973); *see also Common Sense Salmon Recovery v. Evans*, 217 F. Supp. 2d 17, 20 (D.D.C. 2002) ("In the administrative law context, courts uniformly have held that discovery typically is not permitted."); *Medina Cnty. Env't Action Ass'n v. Surface Transp. Bd.*, 602 F.3d 687, 706 (5th Cir. 2010). Defendants should not be forced into discovery and expend resources searching for documents and other materials on claims that could be dismissed.

The harm of needless or overly broad discovery is balanced against the harm of delay in this case. Here, Plaintiff has already delayed this case repeatedly and will not be prejudiced by the short delay necessary for resolution of the Motions to Dismiss. First, Plaintiff delayed a

month at the outset of the case in requesting summonses from the Court. *See* ECF Nos. 1–13. Next, Plaintiff delayed this case for months through serial amended complaints in response to motions to dismiss. *See* ECF Nos. 16, 19, 23, 25, 42. These amended complaints dropped all of the Privacy Act claims against the FBI (which were the only claims against the FBI in the Original Complaint), added additional claims, added additional defendants, and added class allegations. *Id.* The current Third Amended Complaint was not filed until December 2023, over seven months after Plaintiff first filed this litigation. *Compare* ECF No. 1 *with* ECF No. 42. A short delay in discovery for resolution of the Motions to Dismiss would be less than the delays Plaintiff has already caused through her own actions in this litigation.

Moreover, the Fifth Circuit has "held that where discovery would not be useful to the resolution of a pending [dispositive] motion presenting a question of law," a district court may grant a motion to stay discovery. *Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x 866, 870 (5th Cir. 2010). Defendants' Motions to Dismiss cannot be overcome with discovery.

As to the Army, Plaintiff desires the Army to retract Plaintiff's FD-249 fingerprint card from its systems of records. Whether the FD-249 fingerprint card is a law enforcement record exempt from amendment as a matter of law under the implementing regulation, 32 C.F.R. 310.15(c)(2), of the "law enforcement" exemption of the Privacy Act of 1974 is a question of law. *See* 5 U.S.C. § 552a(j)(2); 32 C.F.R. 310.15(c)(2); *see also Petrus* 833 F.2d at 583 ("[n]othing that [Plaintiff] could have learned through discovery could have affected the resolution of the defendants' 12(b)(6) motion"). Additionally, the circumstances that gave rise to Plaintiff's FD-249 fingerprint card submission to a law enforcement database are uncontroverted as outlined in Army's Motion to Dismiss. ECF No. 48 at p. 2; ECF No. 15-1 through 15-4. Plaintiff also implicitly acknowledges the Army followed policy with respect to

circumstances surrounding Plaintiff's FD-249 fingerprint card submission as outlined in Plaintiff's Third Amended Complaint. *See* ECF No. 42, ¶¶ 21–23.

As to the FBI, there is a legal dispute on Plaintiff's APA claim about whether there is any FBI action at issue. *See* ECF No. 59 at 2–3. It is uncontroverted that Plaintiff has had no direct contact with the FBI related to the basis for this lawsuit, but only with the Army. *See* ECF No. 42 at ¶ 43. As noted in the Motion to Dismiss briefing, Plaintiff's claims against the FBI are all based on a record the Army submitted to the FBI.

Finally, as to the Department of Defense, it was not added to this litigation and served until December 2023. There is a legal dispute on Plaintiff's APA claim about whether there is any Department of Defense action at issue. *See* ECF No. 62 at 4. All of Plaintiff's claims against the Department of Defense are based on actions that the Army has taken.

For the foregoing reasons, the Court should stay this case pending resolution of the Motions to Dismiss.

Dated: February 21, 2024    Respectfully submitted,

           **Jaime Esparza**
           United States Attorney

     By:  */s/ Matthew Mueller*  
           **Matthew Mueller**
           Assistant United States Attorney
           State Bar No.  24095592
           U.S. Attorney's Office
           903 San Jacinto Blvd., Suite 334
           Austin, Texas 78701
           (512) 370-1262 (phone)
           (512) 916-5854 (fax)
           matthew.mueller@usdoj.gov

           ***Attorneys for Defendants***