# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **DENISE A. ROSALES,** *individually and on behalf of herself and all others similarly situated*, <br> *Plaintiff* <br><br> v. <br><br> **CHRISTINE WORMUTH, et al.,** <br> *Defendants* | § § § § § § § § § | **CASE NO. 1:23-CV-00440-DAE** |

## ORDER

Before the Court are Defendants' Motion to Stay Discovery Pending Ruling on Motion to Dismiss, filed February 21, 2024 (Dkt. 66); Plaintiff's Response, filed February 29, 2024 (Dkt. 68); and Defendants' Reply, filed March 7, 2024 (Dkt. 70). By Text Order issued March 2, 2024, the District Court referred the motion to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

### I.  Background

Plaintiff Denise A. Rosales, a resident of Hidalgo County, Texas and a non-commissioned officer in the Texas Army National Guard, sues the Department of the Army, the Department of the Army Criminal Investigation Division ("Army CID"), the Federal Bureau of Investigation, and the Department of Defense; Secretary of the Army Christine Wormuth, Director of the Army CID Gregory D. Ford, FBI Director Christopher Wray, and Secretary of Defense Lloyd J. Austin III in their official capacities;[1] and unknown officers and employees of the DOD and FBI in their individual capacities.

---

[1] The institutional and named individual defendants are referred to collectively as "Defendants."

Rosales alleges that from June 2020 to February 2021, she was deployed to Kuwait as a "federalized" member of the Texas Army National Guard. Third Amended Complaint, Dkt. 42 ¶ 31. During her deployment, she contends that she was investigated for misconduct and received an administrative reprimand for "the alleged presence of alcohol" at a birthday party for her husband. *Id.* ¶ 32. Rosales alleges that criminal history databases maintained by the FBI show she was "'arrested or received' into custody," even though she "was never 'informally' or formally arrested, taken into custody, or received into custody." *Id.* ¶¶ 2, 33. Rosales also alleges that the FBI's National Crime Information Center falsely states that she was "ARRESTED OR RECEIVED" on "2021/01/05" related to "AGENCY CASE-132-2020-MPI709" and a charge of "FALSE OFFICIAL STATEMENTS." *Id.* ¶ 34. She alleges that she has asked the Army to correct her record, but it has refused to do so, causing her "numerous occupational and personal detriments." *Id.* ¶ 44.

In her Third Amended Complaint, Rosales asserts procedural and substantive due process claims under the Fifth Amendment, as well as claims under the Privacy Act, 5 U.S.C. § 552a(g); the Administrative Procedure Act, 5 U.S.C. § 702 ("APA"); and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[2] She asks the Court to order Defendants to "cease the dissemination of and expunge her false, illegal arrest record," Dkt. 42 ¶ 49, and requests damages and attorneys' fees. She also seeks to represent a class comprising:

> All U.S. Army service members who have been reported as having been arrested or received into custody by any Department of Defense organization to the FBI, but who were not actually arrested or received into custody from six years prior to the filing of the complaint through the date of judgment.

*Id.* ¶ 50.

---

[2] In *Bivens*, 403 U.S. at 397, the Supreme Court recognized an implied right of action for damages against federal officers alleged to have violated a citizen's constitutional rights.

Defendants have moved to dismiss all claims under Rules 12(b)(1) and 12(b)(6) for lack of jurisdiction, lack of standing, and failure to state a claim. They argue that these pending motions may dispose of all issues and claims, precluding the need for any discovery.

Rosales opposes the motion to stay discovery, arguing that a stay will prejudice her "by allowing the defendants to continue to harm her protected interests under the U.S. Constitution and to deprive her of her statutory rights." Dkt. 68 at 1. She argues that while her Privacy Act and APA claims "require only minimal, if any, discovery already," her constitutional claims "must ultimately be resolved by a fact-specific inquiry into available procedures in light of the circumstances." *Id.* at 2-3. Rosales contends she "is at least entitled to her relevant administrative record, which is not overly long in this case." *Id.* at 2.

## II.   Legal Standard

The Court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of a case are determined. *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987). A district court properly exercises its discretion to stay discovery on a showing of good cause. FED. R. CIV. P. 26(c). Good cause exists "when the party from whom discovery is sought shows that it would suffer 'annoyance, embarrassment, oppression or undue burden or expense' absent a stay." *United States ex rel. Gonzalez v. Fresenius Med. Care N. Am.*, 571 F. Supp. 2d 766, 767 (W.D. Tex. 2008) (quoting FED. R. CIV. P. 26(c)(1)). The movant bears the burden to show that a stay is necessary, "which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998) (citation omitted).

District courts properly defer discovery while deciding threshold issues of subject matter jurisdiction, such as whether defendants are proper parties to the action. *Petrus*, 833 F.3d at 583.

3

Discovery also may be stayed pending resolution of certain immunity issues, including whether a defendant is entitled to absolute, sovereign, or qualified immunity. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). But a stay of discovery is not appropriate when it could prevent a party from having a sufficient opportunity to develop a factual basis to defend against a dispositive motion. *Bickford v. Boerne Indep. Sch. Dist.*, No. 5:15-CV-1146-DAE, 2016 WL 1430063, at *2 (W.D. Tex. Apr. 8, 2016). The court must balance the harm from the delay in discovery against the possibility that the motion will be granted and eliminate the need for discovery. *Id.* at *1.

### III. Analysis

Rosales brings claims against all Defendants for violating the APA and her Fifth Amendment rights to procedural and substantive due process. She also asserts claims under the Privacy Act against the Army, the Army CID, Secretary Wormuth, and Director Ford.

**A. APA Claims**

The APA waives sovereign immunity for a "person suffering legal wrong because of agency action." 5 U.S.C. § 702; *Louisiana v. United States*, 948 F.3d 317, 321 (5th Cir. 2020). If the plaintiff cannot identify an "agency action" under Section 702, sovereign immunity is not waived. *Alabama-Coushatta Tribe of Tex. v. United States*, 757 F.3d 484, 489 (5th Cir. 2014). 5 U.S.C. § 704 limits APA review to an agency action "for which there is no other adequate remedy in a court." Section 704 is a jurisdictional bar to an APA claim. *Flores v. Pompeo*, 936 F.3d 273, 277 (5th Cir. 2019).

The FBI, DOD, Director Wray, and Secretary Austin argue that Rosales' APA claims should be dismissed because she does not allege an "agency action." The Court finds that these Defendants have shown good cause to stay discovery by raising a threshold question as to

whether they are entitled to sovereign immunity from these claims. *J.A. ex rel. Alvarez v. Tex. Educ. Agency*, No. 1:19-CV-921-RP, 2020 WL 3270834, at *2 (W.D. Tex. June 17, 2020).

The Army, Army CID, Secretary Wormuth, and Director Ford argue that Rosales' APA claims against them are barred by Section 704. The Court finds that their assertion that the Court lacks jurisdiction also shows good cause to stay discovery on these claims until these threshold jurisdictional issues are decided. *See Lowery v. Mills*, No. 1:23-CV-129-DAE, 2023 WL 9958230, at *2 (W.D. Tex. Aug. 9, 2023) (finding good cause to stay discovery because "it would be premature to allow discovery to commence" until after resolving jurisdictional issues).

## B. Privacy Act Claims

Rosales brings claims under the Privacy Act against the Army, the Army CID, Secretary Wormuth, and Director Ford. Dkt. 42 at 15. The Court finds that these Defendants have met their burden to show good cause to stay discovery on these claims as well.

The Privacy Act provides an individual cause of action against an agency that violates the Act. 5 U.S.C. § 552a(g)(1)(D). In their motion to dismiss, Secretary Wormuth and Director Ford argue they are entitled to sovereign immunity under the Privacy Act because Congress has not waived immunity for officers in such cases. Dkt. 46 at 7. The Army CID also asserts that it is entitled to sovereign immunity and cannot be sued under the Privacy Act because it is not an "agency." *Id.* The Court finds that because a court "may not permit discovery against [] immunity-asserting defendants before it rules on their defense," Secretary Wormuth, Director Ford, and the Army CID have shown good cause for a stay of discovery. *Carswell v. Camp*, 54 F.4th 307, 311 (5th Cir. 2022).

The Army asserts that Rosales' Privacy Act claim against it should be dismissed because she lacks standing to bring a claim under the Act. Dkt. 46 at 7-8. Standing determines "whether the

litigant is entitled to have the court decide the merits of the dispute." *Miss. State Democratic Party v. Barbour*, 529 F.3d 538, 544 (5th Cir. 2008). The Court finds that, because standing is a threshold jurisdictional requirement, the Army also has shown good cause to stay discovery until the Court determines whether it has jurisdiction over Rosales' Privacy Act claim against it. *Laufer v. Patel*, No. 1:20-CV-631-RP, 2021 WL 327704, at *2 (W.D. Tex. Feb. 1, 2021).

### C. Constitutional Claims

Finally, Defendants move to dismiss Rosales' constitutional claims for failure to state a claim under Rule 12(b)(6). She correctly argues that Defendants "make no argument regarding the need to delay discovery pertaining to Ms. Rosales's constitutional claims." Dkt. 68 at 3. But Rosales does not argue that discovery is necessary to develop facts to help defend against the motions to dismiss; indeed, she has already filed responses opposing those motions.

Courts rarely stay discovery for Rule 12(b)(6) motions for failure to state a claim absent other special circumstances, such as an immunity defense or a challenge to subject matter jurisdiction. *Ramirez v. Dep't of Just.*, No. EP-22-CV-462-KC, 2023 WL 3485995, at *1 (W.D. Tex. May 12, 2023). As explained above, such circumstances are presented here.

After balancing the limited harm to Rosales by a temporary stay of discovery against the burden on Defendants that could result if their motions to dismiss are granted, the Court finds that a temporary stay of discovery on all claims is appropriate. *See Stollings v. Tex. Tech Univ.*, No. 5:20-CV-250-H, 2021 WL 4171815, at *2 (N.D. Tex. Apr. 13, 2021) (staying discovery on all claims "in the interest of efficiency and fairness" after defendants asserted immunity against some claims and moved to dismiss others under Rule 12(b)(6)).

## IV.     Order

For these reasons, this Magistrate Judge **GRANTS** Defendants' Motion to Stay Discovery Pending Ruling on Motion to Dismiss (Dkt. 66).

Discovery is **STAYED** pending the District Court's order on the motions to dismiss (Dkts. 46, 47, and 65). The stay will lift automatically when the District Court issues an order on the motions to dismiss. If the District Court's order on those motions does not dispose of all claims in this case, the parties shall have **ten (10) days** from the date of that order to file a proposed scheduling order consistent with the Court's Order for Scheduling Recommendations (Dkt. 43).

It is **ORDERED** that the Clerk **REMOVE** this case from this Magistrate Judge's docket and **RETURN** it to the docket of the Honorable David A. Ezra.

**SIGNED** on March 28, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE